**THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | No. 00 CR 143-1 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| SIENKY LALLEMAND, | ) | |
| | ) | |
| *Defendant.* | ) | |

## OPINION AND ORDER

In September 2003, Judge Charles Norgle sentenced Sienky Lallemand to life imprisonment for conspiring to defraud his paramour's husband, killing him and injuring another individual with two pipe bombs, and evading law enforcement by fleeing to Jamaica. Lallemand now moves for compassionate release under 18 U.S.C. § 3582(c)(1). For the reasons outlined below, the Court denies Lallemand's Motion [324].

## BACKGROUND

On September 28, 2000, Lallemand and three co-defendants were charged in a 14-count second superseding indictment. (Dkt. 89). Count One alleged that Lallemand and co-defendant Lisa Toney conspired to defraud Lisa Toney's husband, Marcus V. Toney, of over $200,000, and that as part of the conspiracy, they planned to and did murder Marcus Toney using two pipe bombs that were disguised as gifts. (*Id.* at 1-4). In Counts Two through Five, Lallemand was charged with using various credit cards to defraud Marcus Toney. (*Id.* at 5-8). Counts Seven through Eleven and Thirteen charged Lallemand with additional crimes related to the manufacture and transportation

1

of pipe bombs, the damage caused by the explosions, the use of a weapon of mass destruction, and the evasion of law enforcement. (*Id.* at 8-18).

On March 12, 2022, Lallemand pleaded guilty to Counts One, Seven, Nine, Ten, Eleven, and Thirteen. (Dkt. 106). He admitted that he had an affair with Lisa Toney, and they defrauded Marcus Toney using his personal identity information. (*Id.* at 4-5). He further admitted to putting together two pipe bombs with the help of co-defendant Jason Bucher, placing them in a cardboard box that he took to a department store to get gift-wrapped, delivering the wrapped package to Marcus Toney's house, and then encouraging him to open the package. (*Id.* at 7-8). Lallemand acknowledged that Marcus Toney opened the package, and the detonation of one of the bombs killed him immediately and caused severe injuries to a bystander. (*Id.* at 8). He also admitted to fleeing to Jamaica to avoid prosecution and later undergoing plastic surgery with the assistance of co-defendant Sandra Lavel so he would not be recognized by law enforcement. (*Id.*).

At sentencing, after considering the Section 3553(a) factors, Judge Norgle sentenced Lallemand to 30 years' imprisonment for Count One, life imprisonment for Counts Seven, Nine, Ten, and Eleven, and five years for Count Thirteen, to be served concurrently. (Dkt. 226). Lallemand is now serving his sentence; he has no expected release date. (Dkt. 332 at 4).

In September 2025, Lallemand filed a request with the Bureau of Prisons ("BOP") for compassionate release based on his remorse, reform, community support, post-conviction conduct, age and recidivism risk, sentence disparity, rehabilitation, release plan, and employment. (Dkt. 325 at 3-4). On October 13, 2025, the Warden denied Lallemand's request because he did not establish any extraordinary or compelling circumstances for a reduction in his sentence. (*Id.* at 4). On November 19, 2025, Lallemand filed the present Motion for Compassionate Release, asserting the same arguments for sentence reduction as those he presented to the BOP. (Dkt. 324).

2

**LEGAL STANDARD**

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Under the First Step Act, however, a court may order a prisoner's early release if "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). To obtain compassionate release, a defendant must first exhaust all administrative remedies with the BOP. 18 U.S.C. § 3582(c)(1)(A)(iii).

Once a defendant has exhausted the available administrative remedies, he must then satisfy the Seventh Circuit's two-step test. *See United States v. Peoples*, 41 F.4th 837, 840 (7th Cir. 2022); *United States v. Sarno*, 37 F.4th 1249, 1252–53 (7th Cir. 2022). At step one, a defendant must identify "an 'extraordinary and compelling' reason warranting a sentence reduction." *Peoples*, 41 F.4th at 840 (quoting *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021)). If the defendant identifies such a reason, the court proceeds to the second step and "exercis[es] the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *Id.* (alteration in original) (quoting *Thacker*, 4 F.4th at 576).

**DISCUSSION**

The parties agree that Lallemand exhausted the available remedies under 18 U.S.C. § 3582(c)(1)(A), (Dkt. 332 at 8), so the Court must apply the two-step test to determine whether to grant the Motion.

I.     **Extraordinary and Compelling Reasons**

Lallemand bears the burden of establishing an extraordinary and compelling reason for his release. *United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022). The Court considers the proffered reasons for a sentence reduction "individually and collectively." *United States v.*

3

*Vaughn*, 62 F.4th 1071, 1073 (7th Cir. 2023). A reason that is insufficient to meet the threshold on its own may still establish extraordinary and compelling circumstances when viewed as part of "a combination of factors." *Id.*

Courts look to the Sentencing Commission's guidelines to determine what constitutes extraordinary and compelling reasons for a sentence reduction. U.S.S.G. 1B1.13; *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). As amended, the Guidelines provide that the following may constitute extraordinary and compelling reasons: the defendant's medical condition, the defendant's age, the defendant's family circumstances, and whether the defendant was subject to abuse while in custody. U.S.S.G. 1B1.13(b)(1-4). Relevant here, a court may also consider "any other circumstance or combination of circumstances that, when considered by themselves . . . are similar in gravity" to the enumerated reasons. U.S.S.G. 1B1.13(b)(5). Rehabilitation while incarcerated can be considered with other circumstances but is not, on its own, an extraordinary and compelling reason. U.S.S.G. 1B1.13(d). Lallemand argues that compassionate release is based on his rehabilitation, remorse for his crimes, reform, community support, sentence disparities, age and recidivism risk, and post-conviction conduct. (Dkt. 324 at 3-21). Because these reasons do not meet the standard of extraordinary and compelling, the Court denies Lallemand's Motion.

First, Lallemand contends that there is a sentence disparity in his case that constitutes an extraordinary and compelling reason for his compassionate release. (Dkt. 324 at 13-16). He argues that his co-defendants received shorter sentences than him and that his sentence is longer than the national average sentence for murder. (*Id.* at 14-16). He also claims that he was originally offered a 30-year plea deal that was only discarded after his case was approved for the death penalty under a new United States Attorney. (*Id.* at 14). "[A] sentencing disparity claim is an attack on the length

of [a] sentence that cannot be raised as an extraordinary and compelling reason in support of a compassionate release motion." *United States v. Fuentes*, 2025 WL 2229687, at *6 (N.D. Ill. Aug. 5, 2025) (citing *United States v. Arojojoye*, 806 F. App'x 475, 477 (7th Cir. 2020) and *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021)). Claims of sentencing errors must be raised on direct appeal or in a Section 2255 motion. *See Martin*, 21 F.4th at 946; *Thacker*, 4 F.4th at 574. Accordingly, any alleged sentencing disparities cannot constitute an extraordinary and compelling reason for compassionate release.

The remainder of Lallemand's proffered reasons for a sentence reduction consist of arguments about his rehabilitation efforts in prison. He expresses remorse for his actions and describes his participation in prison programming, clean disciplinary record, and history of employment while incarcerated. (Dkt. 324 at 3-21). He also claims that his age lowers his recidivism risk. (*Id.* at 17). Additionally, Lallemand attaches numerous letters from family, friends, and program administrators to demonstrate the community support he has. (Dkts. 325, 333). While the Court commends Lallemand's efforts to improve himself, rehabilitation on its own does not warrant compassionate release. *See* U.S.S.G. 1B1.13(d); *see also Peoples*, 41 F.4th at 843 ("[R]ehabilitation cannot serve as a stand-alone reason for compassionate release.") (internal citation omitted). As such, these circumstances, even considered collectively, do not constitute extraordinary and compelling reasons for a sentence reduction. *See, e.g., United States v. Hernandez*, 2025 WL 2916991, at *4 (N.D. Ill. Oct. 14, 2025) (denying compassionate release where defendant worked while incarcerated, took educational courses, had a good disciplinary record, and had a low risk of recidivism); *United States v. Kozik*, 2023 WL 3763528, at *3 (N.D. Ill. June 1, 2023) (same where defendant worked and completed programs while incarcerated and expressed remorse for his actions).

**II.    Section 3553(a) Factors**

Even if the Court were to find extraordinary and compelling reasons for a sentence reduction, the § 3553(a) factors do not favor a modification of the imposed term of imprisonment. Lallemand committed an extremely serious offense. He defrauded Marcus Toney out of $200,000 and then used pipe bombs to kill Toney and prevent him from reporting Lallemand to law enforcement. Not only did Lallemand violently murder Toney and seriously injure someone else, he exposed the public to weapons of mass destruction when he had the pipe bombs gift-wrapped at a department store prior to delivering them. He then took extraordinary measures to avoid capture and prosecution by first seeking refuge in Jamaica and then getting his face surgically altered. A sentence reduction would undermine the seriousness of these crimes, and the current sentence's value in providing just punishment, promoting respect for the law, deterring others from committing similar crimes, and protecting the public. The § 3553(a) factors, therefore, weigh against granting Lallemand's Motion.

## CONCLUSION

For the foregoing reasons, the Court denies Lallemand's Motion for Compassionate Release [324].

Virginia M. Kendall
United States District Judge

Date: April 3, 2026

6